**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| XAVIER BRASWELL, | : | |
| | : | |
| Appellant | : | No. 1893 EDA 2018 |

Appeal from the Judgment of Sentence Entered, May 21, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0008185-2016.

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED SEPTEMBER 11, 2019**

Xavier Braswell appeals from the judgment of sentence imposed following his conviction of murder and related firearms offenses.[1]  We affirm.

On the night of July 24, 2016, Braswell and several of his associates were at a nightclub in Philadelphia when certain of them became involved in multiple fights that broke out with another group, which included Shelton Merritt.  During one of those fights, Braswell's cousin, Alex Rice, was struck with a bottle, causing him to fall to the ground.  Merritt and his group left the club and walked to their vehicle a few blocks away.  Before the vehicle departed, Braswell approached it, and confronted the occupants.  Braswell

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2502(a), 6108, 907(a).

pulled out a 9 millimeter semi-automatic shotgun and pointed it at the individual who exited the front passenger seat, demanding that he identify who struck Rice with the bottle. Braswell pulled the trigger but the gun failed to fire. The occupants of the vehicle then fled, except for Merritt, who was seated in the third row of the vehicle. He was unable to escape from the second row door because Braswell had kicked it shut. Braswell then fired nine times into the vehicle, fatally injuring Merritt, who sustained six gunshots to his head, neck and back.

Braswell was arrested and charged with murder and related firearms offenses. His first trial ended in a mistrial. Following a retrial, a jury convicted Braswell of first-degree murder and the firearms offenses. The trial court sentenced him to life in prison on the murder conviction, and a concurrent aggregate term of one to two years of imprisonment on the firearms convictions. Braswell filed a post-sentence motion, which the trial court denied. Braswell filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Braswell raises one issue for our review: "Did the trial court cause structural error by repeatedly interjecting its comments during witness testimony and chastising defense counsel in front of the jury, [and] deny [Braswell] a fair trial?" Appellant's Brief at 2 (unnecessary capitalization and punctuation omitted).

Braswell contends that "the trial court repeatedly admonished defense counsel in front of the jury, while editorializing and testifying in the process, interjected comments and questions during witness questioning, and directed witness questioning." Appellant's Brief at 9. Braswell claims that the trial court's actions "imputed its bias and opinion of the case on the jury," and that its "improper commentary also served to bolster the credibility of the Commonwealth's witnesses." *Id*. Braswell argues that, because the trial court "overstepped its role of maintaining order in the court room and advocated for the Commonwealth," he is entitled to a new trial. *Id*. at 15.

In its Pa.R.A.P. 1925(a) opinion, the trial court determined that the issue was waived because Braswell's counsel did not object to the trial court's comments and rulings during trial. *See* Trial Court Opinion, 8/6/18, at 8. In response, Braswell acknowledges that, generally, "such a claim must be preserved by counsel's contemporaneous objection at trial." Appellant's Brief at 8. However, Braswell argues that counsel's failure to object does not prevent appellate review under all circumstances. *Id*. In support, he relies on *Commonwealth v. Hammer*, 494 A.2d 1054 (Pa. 1985), which was abrogated on other grounds by *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002).[2]

---

[2] Braswell also directs our attention to two 2017 non-precedential unpublished memorandum decisions by this Court. While Pa.R.A.P. 126 was recently amended to permit parties to cite non-precedential unpublished memorandum

In ***Hammer***, the trial court repeatedly interrupted defense counsel during his direct examination of the defendant and defense witnesses to ask prosecutorial-style questions, failed to rule on defense objections, and bolstered the Commonwealth's case with his comments and questions. ***Hammer***, 494 A.2d at 1061-64. Defense counsel failed to object to these actions and omissions at trial, but raised them in post-trial motions. The trial court ruled that the defendant had waived those issues. On appeal, this Court declined to apply the waiver doctrine, reasoning that in certain circumstances, where a timely objection would be a futile, and possibly detrimental exercise in legal procedure, a strict enforcement of the waiver doctrine would not be constructive. ***Id***. at 1059, n.4.

However, ***Hammer*** does not stand for the proposition that claims of judicial impropriety need not be raised before the trial court. Rather, ***Hammer*** provides that, in limited circumstances, a party may forgo raising allegations of judicial misconduct during trial, and may instead raise such claims for the first time in post-trial motions. As our Supreme Court explained:

> ***Hammer*** did not mark the end of the waiver doctrine in cases of judicial impropriety. To the contrary, the general rule remains that a party waives an issue concerning perceived trial court error, if the party fails both to preserve the issue with a timely and

_____

decisions of this Court for their persuasive value, the amendment pertains to decisions filed ***after*** May 1, 2019. ***See*** Order Amending Rule 126 of the Pennsylvania Rules of Appellate Procedure, No 278 (Pa. 2019). The cases cited by Braswell have no persuasive authority.

specific objection at trial and present it in post-trial motions. Thus, **Hammer** provides a limited exception to the waiver doctrine. Where it appears from all the circumstances that a timely objection to perceived judicial misconduct would be meaningless, **a party may choose to raise the issue for the first time at post-trial motions to preserve it for appellate review**.

**Harman ex rel. Harman v. Borah**, 756 A.2d 1116, 1126 (Pa. 2000) (emphasis added).

Here, Braswell filed a post-trial motion; however, he did not raise any claim regarding judicial impropriety in that motion. Instead, he raised this claim for the first time in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Accordingly, he failed to preserve this claim for our review. **See id**.[3]

Judgment of sentence affirmed.

---

[3] We observe that a stern and short-tempered judge's ordinary efforts at courtroom administration, including expressions of impatience, dissatisfaction, annoyance, and anger, are within the bounds of what imperfect men and women, even after having been confirmed as judges, sometimes display. **See Commonwealth v. Rayner**, 153 A.3d 1049, 1060 (Pa. Super. 2016) (holding that judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge). Thus, even if Braswell had preserved his claim for our review, we would have concluded that the trial court's challenged remarks did not create an atmosphere of unfairness that constituted grounds for a mistrial in this case. **See Commonwealth v. Jones**, 683 A.2d 1181, 1191 (Pa. 1996).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/19